NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 21 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FERNANDO GUZMAN-HERNANDEZ, AKA Fernando Guzman Hernandez, AKA Fernando Lester Hernandez, AKA Luis Alberto Hernandez, | No. 15-70196 |
| | Agency No. A206-408-825 |
| Petitioner, | MEMORANDUM* |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 18, 2017**

Before:     WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Fernando Guzman-Hernandez, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeal's ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

Guzman-Hernandez does not challenge the agency's dispositive finding that his asylum application was untimely and that he failed to establish extraordinary circumstances to excuse his untimely filing. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996). Thus, we deny the petition for review as to asylum.

The agency did not err in finding Guzman-Hernandez failed to establish a nexus between the harm he alleged or fears in the future and a protected ground. *See Ramos-Lopez v. Holder*, 563 F.3d 855, 862 (9th Cir. 2009) (without "evidence of an actual political opinion or motive in the petitioner's or the gang's actions" the petitioner's actual or imputed political opinion claim failed), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1092-93 (9th Cir. 2013); *Arteaga v. Mukasey*, 511 F.3d 940, 945-46 (9th Cir. 2007); *see also Reyes v. Lynch*, 842 F.3d 1125, 1137-38 (9th Cir. 2016) (proposed social group of former gang members who are returning to El Salvador is not cognizable). Thus, we deny

the petition as to Guzman-Hernandez's withholding of removal claim.

Substantial evidence supports the agency's denial of Guzman-Hernandez's CAT claim because he did not demonstrate it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Silaya*, 524 F.3d at 1073.

Guzman-Hernandez does not make any argument challenging the BIA's due process determination. *See Martinez-Serrano*, 94 F.3d at 1259 ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

**PETITION FOR REVIEW DENIED.**